IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BIG ADS INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>v.<br><br>HOLO FOOTWEAR, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 24-cv-00867<br><br>Hon. _____<br><br>**COMPLAINT** |

Plaintiff Big Ads, Inc. ("R/West") alleges as follows:

## THE PARTIES

1. R/West is a corporation organized and existing under the laws of the state of Oregon, with its principal place of business located at 321 NE Couch St, Suite 401, Portland, OR 97232.

2. Upon information and belief, Holo Footwear, Inc. ("Holo" or "Defendant") is a Delaware corporation with a principal place of business at 50 Louis St NW, Suite 530, Grand Rapids, MI 49503.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1332, 1367. The amount in controversy, including the value of declaratory relief, injunctive relief, damages in an amount to be proved at trial, punitive damages, and attorneys' fees, exceeds $75,000 in value.

4. This Court has personal jurisdiction over Holo because Holo has a principal place of business in this state (Grand Rapids) and is registered to do business in Michigan (ID Number 802856746).

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Holo resides in this district as provided by 28 U.S.C. § 1391(c)(2).

## FACTUAL ALLEGATIONS

6. R/West is an award-winning advertising agency recognized across a broad array of creative services that help clients highlight the best of their brand while connecting directly to their customers.

7. In May 2022, Holo retained R/West for marketing services pursuant to a Master Services Agreement ("MSA"). In summer 2022, Holo approved a statement of work with R/West for six months of agency services pursuant to a 2022 PR, Social Media, Creative and Digital services Statement of Work ("Agency SOW"). Later in 2022, Holo also retained R/West for a website redesign and rebuild project pursuant to a Website Project Statement of Work ("Website SOW"). The MSA, Agency SOW, and Website SOW are attached as Exhibits 1, 2, and 3 (together, the "Contract"). Holo also signed a 2023 Retainer Services SOW in January 2023 to engage R/West for additional services, for a total 2023 marketing investment of $418,400, but it became clear that Holo would not pay for such additional services.

8. R/West performed the services as agreed in the Contract ("Services").

9. The budget for the Agency SOW was $180,000, to be billed monthly over the six-month period. The budget for the Website SOW was $60,000 to be billed monthly over a four-month period. Holo agreed in the MSA to pay within thirty (30) days of the invoice date, and to incur a late fee of 1.5% per month of all fees and expenses not paid in the time period due. *See* Exhibits 1, 2, and 3.

10. As R/West valued its relationship with Holo, R/West contributed more than was required under the SOWs and requested less in return. For instance, R/West did not invoice for studio fees, video production fees, three months of PR, or interest on unpaid balances.

11. R/West invoiced Holo for the Services between September 30, 2022, and February 28, 2023, the invoices summing to $217,336.43. R/West's invoices provided a discount on the Contract price for the Services, which was $240,000.

12. To date, Holo has made four payments towards the outstanding amount due. Holo paid $10,000 on July 25, 2023, $25,000 on August 30, 2023, $25,000 on November 13, 2023, and $10,000 on March 6, 2024.

13. These late payments, totaling $70,000, make up less than 1/3 of what R/West invoiced. Of the invoiced amounts, Holo's unpaid balance totals $147,336.43.

14. On March 6, 2024, R/West communicated the unpaid balance to Holo and requested that Holo propose a payment plan. Holo did not respond.

15. R/West reached out again on April 6, 2024, informing Holo "as a courtesy heads up" that R/West had an upcoming meeting to discuss recovery options for the remainder of Holo's unpaid balance. R/West asked Holo if Holo could provide a payment plan before that meeting.

16. Holo responded by asking for a "breakdown of this bill that is outstanding" so it would "know what it is we're paying for." Holo admitted in this message that it was "aware" that the unpaid bill was for "service that was provided."

17. R/West agreed to gather and resend all individual invoices but asked again for a payment plan. Holo refused, making clear that it would not create a payment schedule until R/West provided a detailed breakdown of the outstanding bill.

18. On April 29, 2024, R/West again sent copies of each invoice, the SOWs, a summary of the account balance, and a short email memorializing Holo's total outstanding balance and what work had been provided at no charge. Holo did not respond, let alone provide a schedule for its long overdue bill.

19. R/West, through counsel, sent Holo a letter on May 29, 2024 demanding that Holo pay R/West the outstanding bill of $147,336.43 no later than June 12, 2024. R/West warned that it could pursue further legal proceedings if Holo refused to pay. Holo let the June 12, 2024 deadline pass without response.

20. R/West, through counsel emailed Holo on June 17, 2024, asking if Holo "intend[ed] to respond or take corrective action regarding the unpaid invoices." R/West again warned that it was prepared to take further action if Holo continued its silence.

21. Holo responded "We will be in touch with a resolution" but did not follow up. Rather than offering a true resolution, Holo has continued to peddle empty promises. After another request from R/West's attorney, Holo responded on June 28, "We will be resolving this matter." Holo has not responded since then. It has become clear that Holo is more interested in continued delay than paying the remainder of its long overdue bill.

22. As of the filing of this action, more than a year and a half after the final invoice, Holo currently owes R/West no less than $147,336.43 under the Contract, plus accrued late fees and attorney fees. Holo has not made any payments towards its balance since March 6, 2024.

23. R/West seeks payment of Holo's unpaid balance, the services rendered for which Holo was never invoiced, late fees, and interest thereof so Holo does not receive the benefit of delaying payment far beyond the net 30 terms that Holo agreed to in the Contract.

24. R/West seeks to recover its attorney fees, as provided in ¶11 of the MSA.

25. R/West also seeks the full price of its Services under the Contract.

## **FIRST CLAIM FOR RELIEF**
### **(Breach of Contract)**

26. R/West realleges the allegations set out above.

27. The Contract outlined the parties' obligations and payment terms. *See* Exhibits 1, 2, and 3.

28. R/West has rendered full performance under the Contract, undisputed by Holo, for which Holo agreed to pay $240,000. R/West invoiced a total of $217,336.43 for its Services.

29. The invoices were due 30 days after receipt. *See* MSA ¶10 (Exhibit 1).

30. To date, Holo has only paid $70,000 of the $217,336.43 invoiced.

31. R/West has attempted to recover the remainder of Holo's unpaid invoices both through business channels and through counsel.

32. In spite of R/West's efforts, Holo has refused to pay its long overdue invoices in direct violation of the Contract.

33. R/West is entitled to recover for actual damage caused by Holo's failure to pay $240,000 as agreed in the Contract, and late fees at 1.5% per month.

34. R/West is entitled to recover pre-judgment and post-judgment interest at the maximum statutory rate, so that Holo does not realize a benefit from its delayed payment.

35. R/West is entitled to recover "all reasonable attorneys' fees and other expenses" in connection with this action, as provided in ¶11 of the MSA.

36. R/West is entitled to its costs in bringing this claim.

## **SECOND CLAIM FOR RELIEF**
### **(Quantum Meruit)**

37. R/West realleges the allegations set out above.

38.     In the alternative to breach of contract, R/West is entitled to fair compensation for the services it performed for Holo.

39.      Holo has received the benefit of R/West's services as described in the Website SOW and Agency SOW in fair amount of at least $240,000.

40.     Though Holo has paid $70,000 of the $240,000 fair value, Holo still retains uncompensated benefit worth at least $170,000.

41.     Holo has also received the benefit of R/West Services that it agreed to pay for, including studio fees, video production fees, and three months of public relations services.

42.     For both the invoiced and non-invoiced services, it would be inequitable for Holo to retain the benefit thereof without compensating R/West for their fair value.

43.     R/West is entitled to recover for actual damage caused by Holo's failure to pay for the Services rendered by R/West.

44.     R/West is entitled to recover pre-judgment and post-judgment interest at the maximum statutory rate, so that Holo does not realize a benefit from its delayed payment.

45.     R/West is entitled to its costs in bringing this claim.

## **RELIEF REQUESTED**

R/West requests entry of judgment in its favor as follows:

1.     A declaration that Holo has breached the Contract;

2.     An award of damages on the Contract, including but not limited to the Contract price for the Services, and late fees at 1.5% per month;

3.     In the alternative, a declaration that R/West is entitled to the fair market value of the benefit conferred on Holo;

4.      In the alternative, an award of damages equal to the fair market value conferred on Holo;

5.      An award of pre-judgment and post-judgment interest;

6.      Attorney's fees; and

7.      Any other relief the Court deems reasonable and just.

Dated: August 26, 2024                         Respectfully submitted,

By:/s/ *Ashley G. Chrysler*
Ashley G. Chrysler (P80263)
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI 49503
(616) 752-2217
achrysler@wnj.com

Elliott Williams (*pro hac vice forthcoming*)
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
(503) 294-9571
elliott.williams@stoel.com

*Attorneys for Plaintiff Big Ads, Inc.*